UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IVAN LEE MATTHEWS, II,
CDCR #BZ-9335,

                                    Plaintiff,

                    vs.

CALIFORNIA, et al.,

                                    Defendants.

Case No.:  25cv2012-DMS (AHG)

**ORDER:**

**(1) CONSTRUING PLAINTIFF'S LETTER AS A MOTION FOR RECONSIDERATION,**

**(2) DENYING MOTION FOR RECONSIDERATION, and**

**(3)  EXTENDING TIME TO PAY FILING FEE**

On August 4, 2025, Ivan Lee Matthews, II, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") inmate trust account statement which the Court treated as a Motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915(a). ECF No. 2.

On September 17, 2025, the Court denied Plaintiff's IFP motion after finding he was prohibited by 28 U.S.C. § 1915(g) from proceeding IFP in federal court due to having accumulated "three strikes," that is, three prior civil cases filed as a prisoner which were

1

dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted." ECF No. 3 at 2, quoting 28 U.S.C. § 1915(g). The Court noted that an exception applies where "the prisoner is under imminent danger of serious physical injury," but found the Complaint contained no such allegations. *Id*. at 4. The case was dismissed for failure to satisfy the filing fee requirement, and Plaintiff was instructed that unless he paid the full civil filing fee on or before November 3, 2025, the Court would enter a final judgment of dismissal. *Id*.

On November 24, 2025, Plaintiff submitted a letter asking for clarification as to how the Court could have denied his IFP motion because he did not submit an IFP motion in this case, but that in any case he included the filing fee in his request for relief and should therefore only have to pay if at all at the conclusion of the case. ECF No. 4 at 3. He also argues that he is entitled to proceed IFP despite having three strikes because he can satisfy the imminent danger exception under 28 U.S.C. § 1915(g) based on allegations in the Complaint that the medication prescribed by the CDCR, Riboflavin and Thiamine, can cause hair loss and Beriberi, and because the CDCR refuses to properly treat his neck injury for the last four months. *Id*. at 2.

The Court will construe Plaintiff's letter as a Motion for reconsideration of the Court's September 17, 2025, Order denying IFP and dismissing the Complaint.

As to Plaintiff's confusion regarding the IFP motion, as noted, the Court treated the CDCR trust account statement he submitted along with his Complaint as a request to proceed IFP and denied the motion. As to Plaintiff's contention that he satisfies the imminent danger exception to § 1915(g), in order to do so his pleading must contain a "plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007), quoting § 1915(g). Imminent danger requires plausible allegations of harm "ready to take place," or "hanging threateningly over one's head." *Id.* at 1056. The exception "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

25cv2012-DMS (AHG)

The imminent danger of serious physical injury exception cannot be triggered merely by Plaintiff's reference to his past neck injury or a fear that his medication may cause hair loss or Beriberi. *Cervantes*, 493 F.3d at 1053, 1057; *see also Jones v. Messler*, 2023 WL 362503, at *2 (S.D. Cal. Jan. 23, 2023) (finding no imminent danger where prisoner's allegations and the medical records he attached to his Complaint "show no more than that he suffers from various chronic health conditions and that he disagrees with the course of treatment for those conditions."); *Hernandez*, 2021 WL 1317376, at *2 ("[A]llegations of chronic pain and claims of inadequate medical care, like those Plaintiff makes here, do not meet § 1915(g)'s imminent danger exception."), citing *Balzarini v. Lewis*, 2015 WL 2345464, *8 (E.D. Cal. May 14, 2015) (finding prisoner's disagreement with medical personnel about the course of his treatment and adequacy of pain medication insufficient to establish imminent danger), *Thomas v. Ellis*, 2015 WL 859071, *3 (N.D. Cal. Feb. 26, 2015) (finding allegations of prisoner complaining of acute chronic pain but disagreeing with the type of medication prescribed insufficient to show imminent danger of serious physical injury), and *Stephens v. Castro*, 2006 WL 1530265, *1 (E.D. Cal. May 31, 2006) (disagreement with prison personnel about course of treatment does not establish imminent danger of serious physical injury under § 1915(g)).

Although the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, . . . ." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id*. Plaintiff has made no such showing.

A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of the order challenged, as here; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

25cv2012-DMS (AHG)

A court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). For the reasons set forth above, Plaintiff has not made a showing sufficient to satisfy Rule 59(e).

<strong>CONCLUSION AND ORDER</strong>

The Court **CONSTRUES** Plaintiff's November 24, 2025, letter [ECF No. 4] as a Motion for reconsideration of the Court's September 17, 2025, Order denying IFP and Dismissing the Complaint and **DENIES** the motion. The Court **EXTENDS** the time to pay the filing fee in this case for thirty (30) days after the date this Order is filed. Unless Plaintiff timely pays the $405 civil filing fee the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED.**

Dated:  March 12, 2026

Hon. Dana M. Sabraw
United States District Judge

25cv2012-DMS (AHG)